310 So.2d 100 (1975)
STATE of Louisiana
v.
James SIBLEY.
No. 55620.
Supreme Court of Louisiana.
March 31, 1975.
*101 Charles C. Garretson, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., John N. Gallaspy, Second Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
James Sibley was charged by bill of information with knowingly and intentionally possessing marijuana with the intent to distribute, in violation of R.S. 40:966(A) (1). After trial by jury, defendant was found guilty as charged. He was subsequently sentenced to serve three years at hard labor in the custody of the Louisiana Department of Corrections. Defendant appeals, urging three assignment of errors for reversal of his conviction and sentence.
Defendant was arrested as a result of a narcotics raid conducted by the Bogalusa Police Department on August 4, 1973 at about 5:00 a. m. At that time, the Bogalusa police officers executed search warrants for two residences, one located at 554 Marx Avenue and the other at 340 First Avenue. The Marx Avenue house, the defendant's residence, was searched first. Defendant was present at the time. The police officers found a number of plastic bags containing marijuana between two mattresses in a bedroom, a pill bottle of marijuana on defendant's person, and $180.00 in one of the small drawers of a sewing machine. Also searched was an automobile parked in the yard. A plastic bag containing marijuana was found under the front seat.
After completing the search of the Marx Avenue residence, the officers asked defendant to accompany them to the First Avenue residence, which was allegedly being rented by the defendant. The defendant did so and, in fact, unlocked the door of the house to allow the police to enter. Upon searching, the police discovered a brown paper sack containing 25 plastic bags of marijuana in the cabinet under the sink; 5 plastic bags of marijuana in a closet; and a carton of cigarette papers.
All items were seized, and defendant was placed under arrest.

ASSIGNMENT OF ERROR NO. 1
During direct examination of Deputy Lannie Sigrest, the prosecutor asked him what he had found when searching defendant's car. Sigrest responded by stating that he "found a clear cellophane bag containing approximately one lid of marijuana." Defense counsel objected to the statement on the ground that Sigrest had not been qualified to identify drugs and requested a mistrial. The trial judge sustained *102 defendant's objection and instructed the jury to disregard the statement; however, he refused to declare a mistrial.
On appeal, defendant urges that an admonition to the jury "was not sufficient to overcome the presumption that the jury concluded that what in fact was found was marijuana."
Generally, a witness can testify as to facts within his knowledge but not as to any impression or opinion that he may have. La.R.S. 15:463 (1950). While Deputy Sigrest's response was objectionable since no predicate had been laid, it was not reversible error since no prejudice was shown. Later, an expert witness testified that the substance was in fact marijuana. Moreover, the trial judge admonished the jury to disregard the remark. Article 771 of the Louisiana Code of Criminal Procedure permits the granting of a mistrial in cases where the trial judge is satisfied that an admonition is not sufficient to assure the defendant a fair trial. Here, the trial judge correctly did not consider the officer's testimony sufficiently prejudicial to require a mistrial. Hence, Assignment of Error No. 1 is without substance.

ASSIGNMENT OF ERROR NO. 2
During trial, the state sought to introduce into evidence eleven packets of marijuana seized from defendant's two houses and automobile. Defendant objected on the ground that the evidence failed to show a proper chain of custody to permit its introduction. The objection was overruled, and the packets of marijuana were allowed into evidence.
The record discloses that Assistant Chief Hartzog labeled the evidence as it was found during the raid; that he turned it over to Sgt. Ewell at police headquarters, who placed the material in an evidence bag, sealed it and placed it in his evidence locker; that, after a couple of days, Sgt. Ewell gave the evidence to Deputy Smith for transmittal to the state crime lab in Baton Rouge for a chemical analysis. Deputy Smith testified that he gave the evidence to Ronnie Jewell at the crime lab.
The only person to testify from the crime lab was Jerome C. Harrison, a criminologist, who actually tested the marijuana. He stated that he obtained the evidence from the crime lab's evidence room where it had been received on August 8, 1973. The attached receipt showed that the evidence had been received by Marta Finelet, who was no longer employed at the crime lab. Neither Jewell nor Finelet testified at trial.
While the person who received the evidence at the crime lab did not testify, there was evidence that it had been received by Marta Finelet and other evidence that it had been delivered to Ronnie Jewell, who is employed at the crime lab as a ballistics expert. Despite the fact that there was no testimony from the person who received the evidence at the crime lab, the evidence taken as a whole was sufficient to establish a chain of custody to permit its introduction. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is one connected with the case. The weight afforded to it is a factual matter for determination by the jury. State v. Freeman, 306 So.2d 703 (La.1975); State v. Flood, 301 So.2d 637 (La.1974); State v. Gladden, 260 La. 735, 257 So.2d 388 (1972); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971). Hence, there is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 3
After the close of the state's case, defendant moved for a directed verdict of acquittal. The trial judge denied the motion, and defendant complains of this ruling in his Assignment of Error No. 3.
Defendant argues that the state failed "to prove its case" in that the marijuana was improperly admitted into evidence and there was no testimony at trial that defendant *103 possessed marijuana with intent to distribute.
Defendant's argument in regard to the admission into evidence of the marijuana is disposed of under Assignment of Error No. 2.
In regard to the failure of the state to prove intent, there was evidence establishing that defendant possessed enough marijuana for 600 cigarettes. Intent to distribute could be inferred from this circumstance. La.R.S. 15:445 (1950). Hence, Assignment of Error No. 3 lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.