422 So.2d 1146 (1982)
STATE of Louisiana
v.
Roger D. GREENWAY.
No. 81-KA-2673.
Supreme Court of Louisiana.
November 29, 1982.
*1147 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Duncan Kemp, Dist. Atty., Abbott Reeves and James E. Kuhn, Asst. Dist. Attys., for plaintiff-appellee.
Randall Shipp, Buxton & Shipp, Baton Rouge, for defendant-appellant.
WATSON, Justice.
Defendant, Roger D. Greenway, was convicted of possession of marijuana with intent to distribute. LSA-R.S. 40:967(A).[1] He was sentenced to four years at hard labor and fined $7,500 plus costs. Defendant has appealed, assigning two errors by the trial court.

FACTS
On May 7,1980, at about 9:15 P.M., Wiley Mitchell Williams was arrested for selling marijuana to Baton Rouge Police Officers McMillan and Norman. Williams had four individually packaged pounds of marijuana. Williams said he had obtained the marijuana in Denham Springs at a white frame house, number 22, on the southeast corner of Audubon and LaSalle Streets, facing Audubon. A blue Chevrolet stationwagon was parked in front of the house. The salesman was a white male, five feet eight inches tall, one hundred seventy pounds, with "feathered back" blond hair and a blond mustache, who drove a red Camaro. Williams described part of the interior of the house and said a bedroom closet contained thirty-five pounds of marijuana packaged in one pound "ziplock" bags. Williams showed the officers a house matching his description with a blue Chevrolet stationwagon in front. Corporal John W. McMillan repeated Williams' information in an affidavit and obtained a warrant to search the house at 2:16 A.M. The warrant was executed the next day. A cellophane package containing approximately a pound of marijuana, another cellophane bag containing two additional ounces, and a marijuana cigarette were seized, along with a book, Indoor Marijuana Cultivation, by Murphy Stevens. The defendant, Greenway, was arrested.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial judge erred in denying his motion to suppress *1148 the evidence seized pursuant to the search warrant. It is argued that the warrant was invalid because the affidavit did not recite sufficient information for the issuing magistrate to conclude that the informant was reliable. Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).
The facts in the affidavit indicate personal observation by the named informant. See United States v. Rollins, 522 F.2d 160 (2 Cir.1975). Compare United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) where the informer was unidentified. Williams was arrested about 9:15 P.M. and the officers called a judge to arrange for issuance of the warrant a little before midnight. He had little opportunity to fabricate a story. State v. Mosley, 412 So.2d 527 (La., 1982). If Williams' story had been false, he would have gained nothing but ill-will. Therefore, he had no reason to lie. Williams' information focused on a specific individual; he gave a precise description of the man and the premises to be searched. The judge correctly determined that the facts recited in the affidavit were sufficient to establish that the informant was reliable.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends that the evidence before the trial court was insufficient to prove that he intended to distribute the marijuana.
The physical evidence introduced at the trial consisted of the search warrant, a copy of the receipt given Greenway for the items seized, the return of the search warrant, a scientific analysis identifying the marijuana, the marijuana, and the book. The only witnesses were officer McMillan and deputy Haley, who assisted in the search. Williams could not be served and did not testify about the sale to him.
Intent to distribute may be inferred from the circumstances. LSA-R.S. 15:445. However, there was no evidence that the amount here was inconsistent with personal use. State v. Harveston, 389 So.2d 63 (La., 1980); State v. Elzie, 343 So.2d 712 (La., 1977); State v. Willis, 325 So.2d 227 (La., 1976). Compare State v. Sibley, 310 So.2d 100 (La., 1975) where the evidence was that defendant possessed enough marijuana for six hundred cigarettes. Here, there was no testimony as to the number of cigarettes that could be made from the marijuana seized.[2] Mere possession of marijuana is not evidence of intent to distribute it unless the quantity is so large that no other inference is reasonable. State v. House, 325 So.2d 222 (La., 1975).
As in State v. House, supra:
"... the State offered no evidence: (1) that the defendant ever distributed or attempted to distribute any marijuana; (2) that the marijuana was in a form usually associated with marijuana possessed for distribution to others; (3) that the amount was such as to create a presumption of intent to distribute; (4) of expert or other testimony that such an amount as found on the defendant is inconsistent with personal use only; and (5) of any paraphernalia, such as baggies or scales, evidencing an intent to distribute." 325 So.2d at 225.
This assignment has merit.
For the foregoing reasons, the conviction of possession of marijuana with the intent to distribute is vacated. Possession of marijuana, LSA-R.S. 40:967(C)[3] is responsive *1149 to the charge of possession of marijuana with the intent to distribute. LSA-C.Cr.P. art. 814(A)(46).[4] Since the evidence supports conviction of possession of marijuana, a judgment of conviction of that lesser responsive offense will be entered. State v. Byrd, 385 So.2d 248 (La., 1980); Act 144 of 1982.[5] Defendant, Roger D. Greenway, is guilty of violating LSA-R.S. 40:967(C). The matter is remanded to the trial court for resentencing.
CONVICTION SET ASIDE; NEW CONVICTION ENTERED; REMANDED.
DENNIS, J., concurs.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
This decision simply holds that the prosecution failed to prove an essential element of the charged offense; this decision does not stand for the proposition that possession of one pound of marijuana cannot be proved to be inconsistent with personal use so as to constitute evidence of intent to distribute.
NOTES
[1] LSA-R.S. 40:967(A), at the time of the offense, provided:

"A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
"(1) To produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
"(2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II."
At the time of the offense, marijuana was contained in Schedule II.
[2] The trial court concluded that a pound was inconsistent with personal use on the basis of his personal experience:

"... [T]he court being a tobacco smoker can draw upon its common sense though it smokes at least a carton a week. A carton does not weigh nearly a pound. So it would have been rather difficult for personal use of that marijuana to have been used in a short period of time.... [I]t was held with an intent other than personal consumption...." (Tr. 93)
[3] LSA-R.S. 40:967(C) provides:

"C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner or provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part. Except as provided in Subsections E and F hereof, any person who violates this Subsection shall be imprisoned with or without hard labor for not more than five years; and, in addition, may be sentenced to pay a fine of not more than five thousand dollars."
[4] LSA-C.Cr.P. art. 814(A)(46) provides:

"A. The only responsive verdicts which may be rendered where the indictment charges the following offenses are:
* * * * * *
"Possession of Controlled Dangerous Substances with Intent to Produce, Manufacture, Distribute or Dispense:
"Guilty.
"Guilty of attempted possession of controlled dangerous substances with intent to produce, manufacture, distribute or dispense.
"Guilty of possession of controlled dangerous substances.
"Guilty of attempted possession of controlled dangerous substances.
"Not guilty."
[5] Act 144 of 1982 provides:

"To enact Code of Criminal Procedure Art. 821; to provide for a motion for a post verdict judgment of acquittal; to provide for the standards for granting the motion; to provide for modification of the verdict and entry of a judgment of conviction of a lesser included responsive offense in lieu of acquittal; to provide for appellate review of a post verdict judgment of acquittal or of a modified verdict; and otherwise to provide with respect thereto:
"Be it enacted by the Legislature of Louisiana:
"Section 1. Code of Criminal Procedure Art. 821 is hereby enacted to read as follows:
"Art. 821. Motion for post verdict judgment of acquittal
"A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
"B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
"C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
"D. If a post verdict judgment of acquittal is granted or if a verdict is modified, the state may seek review by involving the supervisory jurisdiction of or by appealing to the appropriate appellate court.
"E. If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense."