464 So.2d 822 (1985)
STATE of Louisiana
v.
James WILLIAMS.
No. 84-KA-309.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1985.
John M. Mamoulides, Dist. Atty., Abbott Reeves, Dorothy A. Pendergast, Asst. Dist. Attys., 24th Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
Philip E. O'Neill, A. Bruce Netterville, Gretna, for defendant-appellant.
Before BOUTALL, KLIEBERT and CURRAULT, JJ.
KLIEBERT, Judge.
The defendant, James Williams, was charged by bill of information with a violation of R.S. 40:966possession of marijuana with intent to distribute, and a violation of R.S. 40:969possession of Diazepam with intent to distribute. After pleading not guilty to the charges, the defendant waived his right to a jury trial and was tried by the trial judge.
The defendant, through his attorney, and the State of Louisiana, through the Jefferson Parish District Attorney's office, stipulated to the following facts:
(1) James Williams was, in fact, in possession of a controlled dangerous substance, to-wit: marijuana;
(2) If a chemist was called to testify, he would in fact testify that it was marijuana *823 and that the defendant possessed that marijuana;
(3) The defendant possessed the marijuana in the Parish of Jefferson, State of Louisiana; and
(4) The defendant was in possession of marijuana to the extent of two pounds, which would be 32 ounces of marijuana and/or 500 individual marijuana cigarettes.
No other evidence was presented by either party. The State then dismissed the charge related to possession of Diazepam with intent to distribute.
Based upon the stipulations, the trial court found the defendant guilty of possession of marijuana with intent to distribute and sentenced the defendant to eighteen (18) months imprisonment at hard labor, to run concurrently with a ten (10) year sentence the defendant was then serving in the State of Florida.
It is this conviction and sentence from which the defendant appeals.
In his assignments of error, the defendant contends it was error for the trial court to convict him of possession with intent to distribute because no rational trier of fact could find the defendant guilty of possession of marijuana with intent to distribute solely on the basis of possession of two pounds of marijuana. The assignments of error all address the same issuewhether there was sufficient evidence to prove that the defendant intended to distribute the marijuana.
Under the constitutional standard for testing the sufficiency of evidence enumerated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), followed in State v. Wright, 445 So.2d 1198 (La.1984), a conviction must be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Where the evidence submitted to prove the crime is circumstantial, in order to convict, the evidence must exclude every reasonable hypothesis of innocence.
To support the conviction here requires proof of two elements(1) possession and (2) intent to distribute. Possession is shown by the stipulation and admitted by the defendant on appeal. Thus, left for determination is "intent to distribute." Narcotic offenses involving possession with intent to distribute requires proof of specific intent. State v. Elzie, 343 So.2d 712 (La.1977).
According to R.S. 14:10, specific criminal intent is the "state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequence to follow his act or failure to act." Intent to distribute may be inferred from the circumstances. R.S. 15:445; State v. Greenway, 422 So.2d 1146 (La.1982). Moreover, mere possession of marijuana is not evidence of intent to distribute unless the quantity is so large that no other reasonable inference can be concluded from the mere possession of the quantity. State v. Greenway, supra; State v. House, 325 So.2d 222 (La.1975). Therefore, to convict Williams of possession of marijuana with intent to distribute, the State must prove beyond a reasonable doubt that Williams had the specific intent to distribute marijuana.
In State v. House, supra, the court, at page 225, indicated the following are factors from which it can be reasonably inferred there was an intent to distribute:
".... the State offered no evidence: (1) that the defendant ever distributed or attempted to distribute any marijuana; (2) that the marijuana was in a form usually associated with marijuana possessed for distribution to others; (3) that the amount was such as to create a presumption of intent to distribute; (4) of expert or other testimony that such an amount as found on the defendant is inconsistent with personal use only; and (5) of any paraphernalia, such as baggies or scales, evidencing an intent to distribute."
*824 In State v. Sibley, 310 So.2d 100 (La. 1975), intent to distribute was found where the defendant possessed enough marijuana for six hundred cigarettes. In this case, the stipulated facts include a stipulation that the defendant possessed two pounds of marijuana and/or five hundred cigarettes. However, in Sibley, supra, there was evidence that the marijuana seized was found in a number of plastic bags in the defendant's residence and in a brown paper sack containing 25 plastic bags under the sink and 5 plastic bags in a closet in a residence being rented by the defendant. That type of evidence is lacking in this case.
For the foregoing reasons, therefore, we conclude that there was insufficient evidence to prove intent to distribute and therefore vacate the conviction for possession of marijuana with intent to distribute. Since possession of marijuana is responsive to the charge of possession of marijuana with intent to distribute and since the evidence supports the conviction of possession of marijuana, a judgment of conviction of possession of marijuana will be entered and the matter is remanded to the trial court for resentencing.
CONVICTION SET ASIDE; NEW CONVICTION ENTERED; REMANDED.