CANNELLA, Judge.
Appellant, Minnie McCaleb a/k/a Minnie Henderson, appeals her conviction by a jury of possession with intent to distribute a controlled dangerous substance, to wit: Heroin, a violation of LSA R.S. 40:966 A. Appellant was sentenced to the mandatory term of life imprisonment. We affirm in part, amend in part and render as amended.
Appellant was arrested on February 10, 1991 for shoplifting. She was searched at the Jefferson Parish Correctional Center, during the booking procedure. Twenty-six foil packets, cash and $60.00 in food stamps were recovered from the appellant in the search. The foil packets and cash were found hidden in her pants. In a field test performed by Detective Lon Boudreaux, the contents of the foil packets tested positive for the presence of heroin. Both Dianne Robinson, the officer who conducted the search, and the arresting officer, Wayne Lawrence, testified to these facts which were uncontested by the appellant. Based on the amount of heroin and the amount of cash recovered[1] the appellant was arrested and booked with possession with intent to distribute heroin.
*1390 At trial, Rose Tate, a Forensic Chemist employed by the Jefferson Parish Sheriffs Office, testified that she conducted two preliminary screening tests and an instrumental analysis of the evidence. She stated that her tests confirmed the initial field test result that the packets contained heroin.
The appellant testified in her own defense. She stated she is addicted to heroin, PCP and marijuana and that the drugs found in her possession on February 10, 1991 were not to sell, but were for her own personal use. She also admitted having $565.00, in cash, in her possession. She claimed the money came from an income tax check, a check she cashed for her mother, and money for her daughter, Anise, from the child’s father. She said that she paid for her drug habit by shoplifting, not by selling drugs. She also claimed she had no previous convictions for possession with intent to distribute, even when she was shown a certified copy of a conviction. Appellant’s only other witness was her sister, Michelle McCaleb, who partially corroborated her claim concerning the source of the cash.
On appeal, the appellant asserts that the evidence was insufficient to sustain a verdict of guilty as charged, beyond a reasonable doubt. She also assigns error patent and refers the court to an error in the commitment.
The appellant contends that the State failed to prove that she had the specific intent to distribute the drugs. She contends the evidence was not so compelling as to exclude the real possibility that the drugs in question were for personal consumption only.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5th Cir.1990), writ denied, 569 So.2d 968 (La.1990).
Defendant was convicted of a violation of LSA-R.S. 40:966 A, possession with intent to distribute heroin, a Schedule I drug.[2] While she admitted the possession of the drugs, she denied the intent to distribute element of the offense. In order to sustain the conviction, both elements, possession and intent to distribute, must be proven by the state, beyond a reasonable doubt.
Narcotics offenses involving possession with intent to distribute require proof of specific intent. State v. Elzie, 343 So.2d 712 (La.1977); State v. Williams, 464 So.2d 822 (La.App. 5th Cir.1985). LSA R.S. 14:10(1) defines specific criminal intent as that “state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” Intent to distribute may be inferred from the circumstances. State v. Greenway, 422 So.2d 1146 (La.1982); State v. Williams, supra.
Circumstances from which a jury may infer an intent to distribute include the amount and form of a controlled dangerous substance found in the appellant’s possession. State v. Duncan, 420 So.2d 1105 (La.1982). However, mere possession is not evidence of intent to distribute unless the quantity is so large that no other reasonable inference can be concluded from the mere possession of the quantity. State v. Greenway, supra; State v. Williams, supra.
*1391 Other factors from which it can be reasonable inferred that the appellant had an intent to distribute are: previous attempts to distribute; whether the drug was in a form consistent with distribution to others; the amount of the drug; expert or other testimony showing the amount found on the appellant to be inconsistent with personal use only; and paraphernalia evidencing an intent to distribute. State v. House, 325 So.2d 222 (La.1975).
The state produced Detective Field Sergeant Lon Boudreaux, an expert in the field of narcotics investigation, who stated that heroin sells for approximately $30-$40 per bag or “foil packet” and the street value of the twenty-six packets found on appellant was approximately $780.00 if sold by the packet. However, if sold in a “bundle”, which consists of twenty-five packets, then the price would be approximately $600-$650. According to Boudreaux, one bag or packet constitutes one dose. Normally an addict would not ingest more than four doses a day. He further testified that he has never known an addict who consumed more than four doses a day, and that most addicts buy the amount of the drug they then use, basically going from bag to bag.
The appellant testified that she had purchased thirty bags of heroin on the day of her arrest, and had consumed four prior to the shoplifting episode. The appellant contended that half of the bags found on her were empty and that she normally consumed more than four packets per day. She stated that she used the drug until she could not take anymore. She claimed that twenty-six packets would have lasted only until the next day.
The appellant contended that the money in her possession was from two recently cashed checks, one from income tax for $274 and a check belonging to her mother for $190. She stated that $270 was given to her by her daughter’s father. This sum equals $734.00, rather than the $465.00 found on her person or the $565.00 which she claims she had.
After listening to the testimony, the jury apparently chose to give more credibility to the testimony of the state witnesses. It is not the function of the appellate court to assess credibility. State v. Gilbert, 520 So.2d 1184 (La.App. 5th Cir.1988). When there is conflicting testimony as to factual matters, the question of the credibility of the witnesses is within the sound discretion of the trier of fact, and factual determinations of the trial court will not be disturbed on review unless clearly contrary to the evidence. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Butler, 450 So.2d 764 (La.App. 5th Cir.1984).
In the present case, the quantity of the drugs seized, the amount of cash the appellant had in her possession, her prior conviction for possession of marijuana with intent to distribute and the testimony of Officer Boudreaux concerning the drug culture are factors which support the appellant’s conviction. Viewing the evidence in a light most favorable to the prosecution, we find that the state proved, beyond a reasonable doubt, that the appellant possessed heroin with the intent to distribute.
Appellant next assigns all errors patent on the face of the record. In this respect, La.C.Cr.P. art. 920 provides: “the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purposes of an error patent review the “record” in a criminal ease includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the pleas of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975), State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990),
*1392 In this case, the Hard Labor Sentencing Form provides that the appellant’s sentence be served without benefit of parole. This provision is contrary to the sentence as imposed by the trial judge and also to the dictates of LSA-R.S. 40:966 B which provides that the sentence be served “without benefit of probation, or suspension of sentence.” Consequently, the Hard Labor Sentencing Form should be amended to delete that portion denying appellant the benefit of parole.
Accordingly, we hereby amend the Hard Labor Sentencing Form to delete that the sentence be served without benefit of parole. The conviction and sentence are affirmed in all other respects.
AFFIRMED IN PART, AMENDED IN PART AND RENDERED AS AMENDED.

. Defendant claimed $565.00 in cash was in her possession. The state placed into evidence, as exhibit No. 3, cash in the amount of $465.00, as taken from the appellant.

. LSA-R.S. 40:966 A provides as follows:
A. Manufacture; Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I;
(2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule I.