IrKLIEBERT, Chief Judge.
The defendant, Larry Bannister, appeals his conviction of possession of cocaine with intent to distribute within 1000 feet of school property. Defendant contends that the evidence is insufficient to support his conviction, and also assigns any errors patent. For the following reasons, we affirm defendant’s conviction and remand with instructions.
The defendant was charged by bill of information filed on February 22, 1993 with possession of cocaine with intent to distribute within 1000 feet of school property[1] in violation of LSA-R.S. 40:981.3. When arraigned on December 9, 1993, the defendant entered a plea of not guilty. The defendant proceeded to trial on July 13,1994, and the following day, the jury returned with a verdict of guilty as charged. The defendant filed a motion for new trial on July 21,1994, and the trial court denied it that same day. On July 27, 1994, the defendant made an oral motion in arrest of judgment, and after denying the motion, the trial court sentenced the defendant to eighteen years at hard labor with credit for time served. On August 23, 1994, the State filed a multiple offender bill of information seeking enhanced sentencing of the |2defendant as a fourth felony offender, and on September 29, 1994, the defendant entered a plea of not guilty to the multiple bill. At a multiple bill hearing on November 16,1994, the defendant pled guilty to being a fourth felony offender. The trial court then vacated the previous sentence and resen-tenced the defendant as a fourth felony offender to thirty years at hard labor with credit for time served.
On the evening of September 10, 1993 at approximately 10:15, Officer Henry Saacks and his partner, Officer Darrel Sherman, were proceeding southbound on Causeway Boulevard in an unmarked white'four-door Ford Crown Victoria followed by two other two-man units. While driving down the overpass above Airline Highway, Officer Saacks looked in the direction of Andover Street, an area where numerous narcotics arrests had been made, and he observed a blue vehicle stop on the Service Road in front of the third residence off the corner of And-over and South Causeway Boulevard.
As the officers continued to approach the area, Officer Saacks observed a black male, later identified as the defendant, “run up” to the passenger’s side of the vehicle and then enter the front yard of the third residence. After losing sight of the defendant for approximately five seconds while “he was on *18 the other side of a front porch,” Officer Saacks observed the defendant emerge from the front yard. As the officers arrived at the residence, the defendant was approaching the blue vehicle. Upon noticing the officers’ unit, the defendant dropped his right arm to his side and released a clear package to the ground. The officers then exited their unit and Officer Sherman apprehended the defendant while Officer Saacks retrieved the package which contained three small pieces of crack cocaine.
Subsequently, Officer Saacks measured the distances from the point where the contraband was recovered to Lemon Ball Park and Lemon Gymnasium and whose distances were 968' and 738', respectively.
The defendant contends that the evidence was insufficient to prove the essential element of intent to distribute considering the |s“small amount of cocaine and the money and the absence of any acts of distribution” by the defendant and therefore his conviction should be reduced to simple possession of cocaine within 1000 feet of school property.
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. McCaleb, 593 So.2d 1388 (La.App. 5th Cir. 1992), writ denied; State ex rel. McCaleb v. State, 626 So.2d 1185 (La.1993).
The defendant was convicted of possession of cocaine with intent to distribute within 1000 feet of school property. Narcotics offenses involving possession with intent to distribute require proof of specific intent. State v. Elzie, 343 So.2d 712 (La.1977); State v. McCaleb, supra. LSA-R.S. 14:10(1) defines specific criminal intent as that “state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” The intent to distribute may be established by proving circumstances surrounding defendant’s possession which give rise to reasonable inferences of intent to distribute. State v. Ramoin, 410 So.2d 1010 (La.1981). Mere possession of narcotics is not, in and of itself, evidence of an intent to distribute, unless the quantity of drugs possessed is so large that no other inference is reasonable. State v. Greenway, 422 So.2d 1146 (La.1982).
The following factors can give rise to a reasonable inference that the defendant had an intent to distribute: previous attempts to distribute; whether the drug was in a form consistent with distribution to others; the amount of the drug; expert or other testimony showing the amount found on the defendant to be inconsistent with personal use only; and paraphernalia evidencing an intent to distribute. State v. House, 325 So.2d 222 (La.1975).
Lin order to prove guilt by circumstantial evidence, the State must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438. This statutory test is not a purely separate one from the Jackson sufficiency standard. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Rosiere, supra.
At trial, Officer Saacks testified to the facts previously mentioned. He further testified that the defendant’s activity of approaching a stopped vehicle was “very consistent with the street sales of drugs.” Thereafter, the following exchange occurred:
Q. Explain what you observe on a regular basis, sir.
A. On a regular basis a very quick drug transaction would be a male or female standing on a — it don’t even have to be a corner — on a sidewalk or on the street, a vehicle stops, they exchange some words, an exchange of currency and exchange of dope or some type of contraband is active. Sometimes because of the high police presence the individuals do not keep the dope on them, or whatever type of — whether it’s Marijuana or Cocaine, whatever we’re dealing with — they sometimes keep it in a secret area where the police won’t be able *19 to find it. So, you may have a conversation, the male or female runs to his secret area where the dope is located, brings whatever small amount is for the purchase and the exchange is made.
Q. Did you observe what you believed to be that that night?
A. Yes, sir, I did.
Additionally, Officer Saaeks further testified that five twenty dollar bills were seized from the defendant and a rock of crack cocaine sells for twenty dollars.
Athough the defendant only possessed a small amount of cocaine and money, the circumstances surrounding the defendant’s possession gave rise to a reasonable inference of his intent to distribute. Officer Saaeks observed the defendant approach a stopped vehicle and then enter the front yard of a residence before heading to the vehicle again, and Officer Saaeks testified that such activity was consistent with a drug transaction. The defendant also possessed five twenty dollar bills and Officer Saaeks testified that a rock of crack cocaine sells for twenty dollars. Furthermore, while approaching the vehicle, the defendant 15discarded the bag which contained the crack cocaine by dropping his arm and releasing the bag, thus raising the inference that the defendant was not just concealing the bag on his person but was holding it in his hand in order to present it to the vehicle’s occupants. Viewing this evidence in the light most favorable to the prosecution, it appears that there was sufficient evidence to establish that the defendant possessed the cocaine with intent to distribute.
Aso assigned as error are any and all errors patent on the face of the record. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
The record does not show that the defendant was informed by the court of the prescriptive period for applying for post-conviction relief, as per LSA-C.Cr.P. art. 930.8. Neither the transcript of defendant’s original sentencing on July 27, 1994 nor the multiple bill sentencing on November 16, 1994 reflect that the defendant was so informed. However, failure to inform the defendant does not constitute a ground for reversing the sentencing or remanding the ease for resentenc-ing. LSA-C.Cr.P. art. 921. We instruct the trial court to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94) 643 So.2d 1289.
The defendant’s thirty-year sentence as a multiple offender is illegally lenient in that no fine was imposed[2] nor was the defendant denied parole eligibility.[3] However, when the State lefails to raise the issue by motion or argument to the court, the error will not be corrected on appeal. State v. Fraser, 484 So.2d 122 (La.1986); State v. Mayeux, 556 So.2d 142 (La.App. 5th Cir. 1990), writ denied, 564 So.2d 315 (La.1990).
Accordingly, for the reasons herein assigned, defendant’s conviction is affirmed. The matter is remanded to the trial court for notice to be provided to the defendant regarding the prescriptive period of LSA-C.Cr.P. art. 930.8, consistent with this opinion.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

. The school property was Lemon Playground.

. Although LSA-R.S. 15:529.1 did not provide for a fine, the reference statutes, LSA-R.S. 40:981.3 and 40:967(B)(1), provided for a fine of $15,000.00 at the time of the offense and therefore the fine should have been imposed. See State v. Ruiz, 94-0541 (La.App. 4th Cir. 12/15/94) 647 So.2d 1317 where the court noted that the defendant's sentence as a multiple offender was illegally lenient because no fine was imposed.

. LSA-R.S. 15:529.1 did not provide for the ineligibility for parole. However, the referenced statutes, LSA-R.S. 40:981.3 and 40:967(B)(1), provided for the denial of parole eligibility for fifteen years and the conditions imposed on the multiple offender sentence are those called for in the referenced statutes. See State v. Bruins, 407 So.2d 685 (La.1981). Furthermore, the defendant as a fourth felony offender has no parole eligibility under LSA-R.S. 15:574.4(A)(1).