STATE of Missouri, Respondent,

v.

Stephen Lyle SALYER, Defendant–Appellant.

No. 18960.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 31, 1994.

Motion for Rehearing or Transfer Denied Sept. 19, 1994.

Donald R. Cooley, Springfield, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The defendant was convicted in a bench trial of possession of marijuana in excess of five grams with intent to distribute, in violation of § 195.211, RSMo 1993 Supp., and was sentenced to five years' imprisonment. Seeking reversal, he contends (1) that his motion to suppress the marijuana found in his house should have been sustained as the fruit of an unlawful arrest, and (2) that the conviction is not supported by substantial evidence. We affirm. We accept and state the facts the trial judge could have found in

support of his rulings on the motion to suppress and on the defendant's guilt. *State v. Burkhardt,* 795 S.W.2d 399 (Mo. banc 1990); *State v. Villa–Perez,* 835 S.W.2d 897 (Mo. banc 1992). The defendant's brief trespasses on Rule 30.06(c) by stating conflicting versions of the evidence and failing to include some of the evidence supportive of the judgment.

On December 21, 1993, a deputy sheriff answered a disturbance call by one David Holder, who claimed that the defendant, his landlord, had assaulted and injured him while attempting to collect rent and some bills. The officer went to the defendant's residence some two blocks away and knocked on the front door. The defendant came to the door and confirmed his identity, whereupon the officer said that he would like to talk to him about the assault which had been reported. The defendant, without speaking, opened the screen door, stepped to the side, held the door open, and allowed the officer to enter.

The defendant told the officer that he had manhandled Holder because Holder owed him rent and other bills. The officer then informed him that the reasons given did not justify the use of physical force, and said that he was placing him under arrest. The defendant, in response to the officer's question, said that he had no weapons on his person. The officer conducted a pat-down search and located a hard object in the left front trousers pocket, which he removed and which turned out to be a wooden pipe, found on analysis to contain burned marijuana residue.

The defendant then requested that he be allowed to take a pack of cigarettes to the jail, and asked the officer to retrieve them from a coffee table in an adjoining room. A man and a woman were in this room. They left the house at the officer's request. He located the cigarettes, and also observed a partially consumed marijuana cigarette in an ashtray on the table. He requested permission to search the house, which was denied, and then took the defendant to the jail.

The officer next obtained a search warrant for the residence and returned, together with the sheriff and a drug sniffing dog. The search turned up approximately 300 grams of marijuana, in three different rooms and also in a closet designed for access to the attic. Some of the marijuana was packaged in ziplock bags of uniform size, and some in sacks containing small baggies. Unpackaged marijuana was found in a bag on the floor near a desk containing the defendant's bank statements for the three months preceding the search. The search also turned up three pipes, one apparently complete and similar in design to the pipe found on the plaintiff's person, and the other two in various stages of completion. Wood and tools, usable in the making of pipes of this kind, were found in the garage. The dog alerted on a closed tin in the living room which, on being opened, yielded three film canisters, one containing seeds, one loose marijuana, and one roaches. Also found in the tin were hemostats, rolling paper, and numerous empty baggies.

The court overruled the motion to suppress and found the defendant guilty of possession with intent to distribute, as charged in Count I of the information. The court dismissed Count II, charging simple possession of more than 35 grams of marijuana in violation of § 195.211, RSMo 1993 Supp.

### Motion to Suppress

The defendant argues that the officer gained entry into his residence unlawfully because he had no arrest warrant, and that the arrest, the search warrant, and the ensuing search were unlawful. It is argued that the marijuana should be suppressed as evidence because it is "fruit of the poisoned tree."

■ We reject the claim. It was quite proper for the officer to seek an interview with the defendant as soon as he heard Holder's complaint. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). He could elect to visit the defendant's home, rather than asking him to stop by the station. The trial judge could have found that the defendant, by opening the door, invited the officer to enter for the requested discussion, whether he spoke any words of invitation or not. *State v. Berry,* 526 S.W.2d 92 (Mo.App.1975). The invited entry was not unlawful.

■ The officer did not mention arrest until the defendant told him that he had

shown force in an attempt to collect rent and bills, thus admitting an unlawful assault. No objection was made to the receipt in evidence of the defendant's statement about his visit to Holder, and no charge of assault is made in the present proceedings. The arrest was lawful under the circumstances.

 The search of the defendant's person incident to the arrest was entirely lawful, *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *State v. Vitale,* 801 S.W.2d 451 (Mo.App.1990), and the "hard object," even though a pipe rather than a weapon, was properly removed from the defendant's pocket. The cigarettes were retrieved at the defendant's request, and the marijuana cigarette was in plain view on the table with the cigarette pack. The finding of the pipe and the marijuana cigarette gave probable cause for the issuance of a search warrant. *State v. Jeffries,* 858 S.W.2d 821 (Mo.App.1993).

The officer, therefore, followed lawful procedures and the trial court's overruling of the motion to suppress is well supported by the record.

### The Merits

The defendant argues that the conviction is not supported by the evidence (1) because the record does not demonstrate exclusive possession so as to establish that the defendant's possession was "knowing," and (2) because there is no substantial evidence of "intent to distribute." We reject both claims.

 The officer testified, without objection, that he went to the defendant's house. Even though others may have been present while the officer's investigation was in progress, there is no showing that any person other than the defendant lived in the house. The clothes found in the house were those of the defendant. The two people who were in the house when the officer entered apparently departed without objection. Although one of them was a woman, only a man's clothes were found in the house. The presence of the partially consumed marijuana cigarette is probative of the defendant's knowledge of the presence of the substance. Marijuana was found in a sack by the side of a desk, and a drawer of the desk contained the defendant's

bank statements for the three preceding months. A substantial cache of marijuana was found in a closet providing access to the attic. The evidence amply permits a finding that the presence of the marijuana in his own house was known to the defendant, even though other people may have been present in the house at times. *State v. Jeffries,* 858 S.W.2d 821 (Mo.App.1993); *State v. Keller,* 870 S.W.2d 255, 260 (Mo.App.1994).

 The offense of possession with intent to distribute is relatively new to Missouri, but has a substantial history in federal law. See 21 U.S.C.A. § 841 and the extensive annotations. Because of this history, the federal cases have special significance. Intent to distribute is often established by the circumstances in the record. The prosecution's evidence could have provided more information about the habits and customs of dealers and users and the street value of the product, but we conclude that there is support for the trial judge's observation that "I can't believe that 200 grams of multiple bags are just for your own use." The offense does not require a finding of intent to sell, or to engage in commerce in marijuana. All that need be shown is a purpose of sharing the cache with at least one other person. *United States v. Coady,* 809 F.2d 119 (1st Cir.1987); *United States v. Workopich,* 479 F.2d 1142, 1147 (5th Cir.1973).

 Possession of a large quantity of a controlled substance is probative of intent to distribute. *United States v. Glenn,* 667 F.2d 1269, 1272 (9th Cir.1982), found that the required intent was adequately demonstrated when the quantity involved was approximately half as much as the present record shows, but the inference was fortified by expert testimony that the amount involved was considerably more than a person would ordinarily possess for personal use. It is of some significance that the quantity here involved is approximately nine times the quantity prescribed by the statute for the offense of felony possession in § 195.202. The presence of uniform measured quantities is a circumstance indicating a purpose of distribution, although it could surely be argued that a large user might be tempted to make purchases as the occasion presented itself in order to ensure a continuing supply. The trial court well might believe that the pres-

ence of several pipes designed for smoking marijuana is probative of a purpose of sharing the supply with others, and could reach a similar conclusion from the presence of unpackaged marijuana, and plural hemostats (surgical clamps used to get the last puff out of a marijuana cigarette without burning the lips). The prosecution's case is further supported by the presence of empty bags and "baggies" of different sizes and of rolling paper. *State v. Keller, supra.*

■ We conclude that the record demonstrates a chain of circumstances from which the trial judge could conclude that the element of intent to distribute had been established beyond reasonable doubt. *State v. Dulany,* 781 S.W.2d 52, 55 (Mo. banc 1989). *State v. Grim,* 854 S.W.2d 403, 405–408 (Mo. banc 1993), holds emphatically that, on appellate review, the court views direct evidence and circumstantial evidence in the same way, and disapproves prior cases holding that a more stringent standard of review applies to cases based on circumstantial evidence. The circumstances supportive of the judgment, moreover, have collective force, and should not be viewed in isolation.

We have examined the defendant's citations. In each, proof of critical elements highlighted in the *Jeffries* and *Keller* cases was lacking.

■ The trial court dismissed the charge of felony possession of more than 35 grams of marijuana, in violation of § 195.202, RSMo 1993 Supp., pursuant to the defendant's claim of double jeopardy. Although this count may not now be considered, we believe that it might be helpful to suggest that the dismissal may have been unnecessary. The requirement of possession of more than 35 grams is not found in the statute under which the defendant was convicted, § 195.211, RSMo 1993 Supp., which prescribes a minimum of 5 grams. If a statute contains an additional element, there is no double jeopardy.

The judgment is affirmed.

FLANIGAN, P.J., and PREWITT, J., concur.