**STATE of Missouri, Respondent,**

v.

**Norman Dean FAIROW, Defendant–Appellant.**

No. 74058.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 4, 1999.

---

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

LAWRENCE E. MOONEY, Judge.

Norman Dean Fairow ("Defendant") appeals judgment entered upon his conviction of possession with the intent to distribute, deliver and/or sell more than five grams of marijuana, a controlled substance, in violation of Section 195.011.1 RSMo. (1994). On appeal, Defendant (1) challenges the sufficiency of the evidence on the issue of intent to distribute, deliver and/or sell; and further argues that the trial court: (2) abused its discretion in allowing testimony as to the significance of "hard-packed" marijuana; (3) abused its discretion in allowing testimony as to the purpose of the arresting officer in seizing cash from the Defendant; and (4) erred in allowing the prosecutor to comment on unintelligible sounds made by the Defendant following his arrest. We affirm.

## FACTS

On January 20, 1996, Clifford Karst, a Missouri State Highway Patrol Trooper ("the Trooper"), responded to the scene of a traffic accident on the westbound lanes of I–70, about one mile east of the Warrenton exit in Warren County. Upon arriving at the scene, the Trooper saw two cars stopped off the north side of the road in the grass. The Trooper detected a strong odor of raw marijuana when he approached the Defendant, the driver of one of the cars. The Trooper also observed a noticeable bulge in the front of Defendant's jacket. According to the Trooper, Defendant's hands were in his pockets, and Defendant continuously shifted some sort of object within the confines of his jacket.

The Trooper asked Defendant if he had smoked marijuana that day, and Defendant replied that he had "smoked a couple of joints earlier that morning." The Trooper then asked Defendant if he had any marijuana on his person. Defendant stated that he did not have any marijuana on him and gave the Trooper permission to search his car.

Defendant removed his hands from his jacket pockets, and the Trooper observed a noticeable shift of a large object inside the front of Defendant's jacket. Concerned for his safety, the Trooper reached out and touched the object, which the Trooper feared might be a weapon. He felt a hard object and removed it from Defendant's jacket. According to the Trooper, the object was a large bag of what appeared to be "hard-packed" marijuana. The Trooper testified that by "hard-packed marijuana," he meant that the marijuana "had been compressed to the point that all the air is sucked away from it. It's packed very firm and hard." Over objection, the Trooper stated that "hard-packed" signified it was "not ready to be used, to be smoked. It hasn't been broke up. It's still very seedy. It's not ready to be consumed." He further testified that "[n]or-

mally, at that point, it's ready to be broke down to be sold" or distributed.

The Trooper placed Defendant under arrest and advised him of his *Miranda* rights. Defendant said he understood those rights.

The Trooper then conducted a thorough search of Defendant's person. He seized $410.00 from Defendant, believing it to be evidence from the sale and distribution of the marijuana. The Trooper also searched Defendant's vehicle but found no drug paraphernalia either in the car or on Defendant's person.

After he was placed under arrest, Defendant began what the Trooper described as "almost like a satanic chant," howling and yelling, using no words that the Trooper could discern. There was no indication that Defendant was under the influence of drugs or alcohol at that time. Another police officer drove the Defendant to the jail. During the ride, Defendant said nothing that the transporting officer could understand. Once at the jail, the Trooper attempted to interview Defendant, but Defendant responded with further gibberish.

Laboratory tests revealed that the substance in the bag confiscated from the Defendant was indeed marijuana weighing in at 405.26 grams, or a little less than a pound. A criminalist testified at trial that this is the equivalent of more than 800 marijuana cigarettes. The Trooper applied for a warrant for possession with the intent to distribute, deliver and/or sell a controlled substance. Over objection, the Trooper testified that he applied for this warrant believing that this marijuana was going to be distributed. The Trooper based this opinion on the method of packaging and the fact that there was "no means of using the marijuana."

The jury found Defendant guilty as charged and recommended an eight-year prison sentence. The trial court sentenced Defendant pursuant to the recommendation of the jury, and Defendant timely filed this appeal, raising four points of error.

## ANALYSIS

In his first point of error, Defendant contends that his intent to distribute was not established by the State's evidence: the amount of marijuana, the fact that it was hard-packed and the $410.00 cash that was seized from the Defendant. According to Defendant, this evidence is just as likely to raise the inference that he had purchased the marijuana for his own personal use, as it is to establish an intent to distribute. He also notes that the police found on him no paraphernalia, such as a scale or plastic baggies, which might evidence an intent to distribute the marijuana.

Defendant apparently misunderstands our standard of review in a challenge to the sufficiency of the evidence. Our review is "limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Simmons*, 955 S.W.2d 752, 764–765 (Mo. banc 1997). We view the evidence and all inferences therefrom in the light most favorable to the State and ignore all contrary evidence and inferences. *Id.* at 764.

Thus, Defendant's claims of innocence or reduced culpability inferable from the evidence and his exhortations to consider evidence contrary to the verdict are unpersuasive given our standard of review. Looking solely at the evidence and inferences that support the verdict, as we are required to do, we have no difficulty in rejecting Defendant's challenge to the sufficiency of the evidence. Defendant's possession of a large quantity of marijuana in a form unsuitable for immediate use supports the inference that he did not intend to use the marijuana personally, but rather intended to distribute it to others. *See State v. Salyer*, 884 S.W.2d 354, 357 (Mo. App. S.D.1994); *State v. Welty*, 729 S.W.2d 594, 598 (Mo.App. S.D.1987). His further possession of a large amount of cash rein-

forces the inference. *State v. Crump*, 986 S.W.2d 180, 187 (Mo.App. E.D.1999). Thus, there was sufficient evidence in the record from which a reasonable juror could conclude beyond a reasonable doubt that Defendant possessed a controlled substance with intent to distribute. Point denied.

Defendant next claims that the trial court abused its discretion in allowing the Trooper to testify that the fact that the marijuana was hard-packed signified that it is "ready to be broke down to be sold" or distributed. Defendant argues that this testimony went to the ultimate issue for the jury in this case: whether Defendant intended to distribute the marijuana.

■ The trial court may not admit expert testimony unless jurors are clearly incapable, for want of experience or knowledge of the subject, to draw correct conclusions from the facts. *State v. Taylor*, 663 S.W.2d 235, 239 (Mo. banc 1984). "The evidence must aid the jury." *Id.* An expert may testify as to his or her opinion on an ultimate issue in a criminal case, so long as the expert does not express an opinion as to the guilt or innocence of the defendant. *State v. Williams*, 858 S.W.2d 796, 798 (Mo.App. E.D.1993). Ultimately, it is within the discretion of the trial court to admit expert testimony. *State v. Taylor*, 663 S.W.2d at 239.

■ In the case at bar, the Trooper testified, based on his training and experience, that the significance of the marijuana being "hard-packed" was that it was in the common form used for sale and distribution and that it was not in a form suitable for personal consumption. The bare fact that the marijuana was hard-packed, without this additional explanation, would mean little to jurors as this is not a matter of common knowledge or everyday experience. Thus, the testimony was of aid to the jury in that it explained facts about marijuana distribution that a person without experience would not have understood.

The trial court did not abuse its discretion in allowing this testimony. Point denied.

Defendant admits that he failed to properly preserve the alleged trial errors contained in his final two Points Relied On. Thus, these claims are subject only to our discretionary plain error review. First, Defendant contends that the trial court abused its discretion in allowing the Trooper to testify that he seized the $410.00 as evidence of the sale of marijuana, an offense with which Defendant was not charged, as this constituted improper and prejudicial evidence of prior bad acts. Defendant also argues that the Trooper's conclusion that the $410.00 was the proceeds of the sale of marijuana was based on speculation and was not supported by the evidence. Second, Defendant asserts that the trial court erred in allowing the prosecutor to comment and the Trooper to testify as to Defendant's incoherent chanting, howling and yelling following his arrest. He claims, apparently in earnest, that this was improper evidence of Defendant's post-arrest silence.

■ We note that "the 'plain error' rule is to be used sparingly and may not be used to justify a review of every point that has not been otherwise preserved for appellate review." *State v. Chaney*, 967 S.W.2d 47, 59 (Mo. banc 1998), *quoting State v. Roberts*, 948 S.W.2d 577, 592 (Mo. banc 1997). We will not review for plain error under Rule 30.20, "unless a claim of plain error facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted.'" *Id.* Defendant's unpreserved claims of error fail to raise substantial grounds for finding plain error. Therefore, we decline to review these claims under Rule 30.20.

The judgment of conviction is affirmed.

SIMON, P.J., and CRANE, J., concur.