**STATE of Missouri, Respondent,**

v.

**Jarrod R. McCLEOD, Appellant.**

**No. WD 64945.**

Missouri Court of Appeals, Western District.

March 21, 2006.

---

Nancy A. McKerrow, Columbia, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney, General Jefferson City, MO, for respondent.

Before HAROLD L. LOWENSTEIN, Presiding Judge, JOSEPH M. ELLIS, Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Judge.

Jarrod R. McCleod appeals from his conviction of one count of possession of a controlled substance with the intent to deliver, § 195.211.[1] For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

On June 25, 2004, a Federal Express employee, Franky Vanderpool, was working at the Federal Express office in Sedalia, Missouri, when he discovered a package that was missing some paperwork and did not have an address for the intended recipient aside from the zip code. In accordance with commonly accepted practices at Federal Express, Vanderpool opened the package to see if it contained information on the address of the intended recipient. Inside, Vanderpool found some plant material packaged in shrink-wrap plastic that he thought might be marijuana. Vanderpool notified the Sedalia Police Department of this discovery.

While waiting for the police to arrive, Vanderpool placed an entry on the Federal Express web-site under the package's tracking number indicating that the package was undeliverable due to an incorrect address. Shortly thereafter, Federal Express received a telephone call indicating that Appellant was the intended recipient and providing them with a phone number at which he could be reached to arrange delivery.

Subsequently, Officers Phil Stewart and Daniel Keltner arrived at the Federal Express office to investigate the package. After examining the plant material and determining that it was indeed marijuana, the officers decided to have Federal Express attempt to deliver the package. The officers repackaged the marijuana and asked Vanderpool to call Appellant at the number that had been provided. Vanderpool called and left a message indicating that Federal Express had a package that it believed was intended for Appellant and that they needed for Appellant to pick up the package or provide them with an address for delivery.

About three or four hours later, Vanderpool received a call indicating that Appellant was coming by to pick up the package. Vanderpool called Officer Keltner, who had left the Federal Express office with the package about an hour before, and notified him that Appellant was on his way to pick up the package.

When Appellant arrived at the Federal Express office, one of the employees told Appellant that the package was still on a delivery truck and that they were waiting for it to arrive. Soon thereafter, Officer Keltner arrived through the back door to the office and gave Vanderpool the package. Vanderpool took the package up front and gave it to Appellant after he signed for it.

Appellant walked out to the parking lot and climbed into the driver's seat of a parked car. As Officer Keltner followed

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

Appellant to the car, a woman with a small child approached the passenger side door of the car. Officer Keltner opened the driver's side door of the car and asked Appellant to step out of the car. Appellant quickly climbed over the center console, climbed out through the passenger door, and fled. While chasing Appellant, Officer Keltner repeatedly identified himself as a police officer and ordered Appellant to stop. After about five minutes, Appellant finally stopped running, and Officer Keltner caught and handcuffed him.

Officer Keltner searched Appellant and found a small plastic bag containing marijuana and rolling papers in one of Appellant's pockets. Upon searching Appellant's vehicle, Officer Keltner recovered the unopened Federal Express package, rolling papers, and some marijuana "roaches".

Subsequent testing confirmed that the material in the Federal Express package, the small plastic bag, and the roaches were indeed marijuana. The marijuana in the package weighed 222.74 grams, approximately 7½ ounces. The plastic bag contained 6.72 grams of marijuana.[2]

Appellant was subsequently charged by information with one count of possession of a controlled substance with intent to deliver, § 195.211, and one count of possession of drug paraphernalia with intent to use, § 195.233. Appellant was tried by jury and found guilty as charged. The trial court sentenced appellant as a prior offender to a term of five years on the first count to be served concurrently with a thirty-day term on the second count.

In his sole point on appeal, Appellant challenges the sufficiency of the evidence to support his conviction for possession of a controlled substance with intent to distribute. Appellant contends that the evidence failed to support a finding that he knew of the nature and presence of the marijuana inside of the sealed package. He further argues that, even if there were evidence sufficient to establish his knowledge of the contents, the record does not contain evidence that he intended to deliver the marijuana to anyone.

"When a criminal defendant challenges the sufficiency of the evidence to support his conviction, our review is limited to determining whether sufficient evidence was admitted at trial from which a reasonable trier of fact could have found each element of the offense to have been established beyond a reasonable doubt." *State v. Chavez*, 128 S.W.3d 569, 573 (Mo.App. W.D.2004). "[T]he function of the reviewing court is not to reweigh the evidence, but to determine if the conviction is supported by sufficient evidence." *State v. Mann*, 129 S.W.3d 462, 467 (Mo.App. S.D. 2004). "In making that determination, we must view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict and disregard all evidence and inferences to the contrary." *Chavez*, 128 S.W.3d at 573.

Section 195.211.1 provides that "it is unlawful for any person ... to possess with intent to ... deliver ... a controlled substance." "Section 195.010(32) defines the terms 'possessed' or 'possessing a controlled substance' as 'a person with the knowledge of the presence and illegal nature of a substance, has actual or constructive possession of the substance.'" *State v. White*, 28 S.W.3d 391, 398 (Mo.App. W.D.2000). Accordingly, "[t]o sustain a conviction for possession of a controlled substance with intent to deliver, the State must prove that appellant had (1) conscious and intentional possession of the substance, either actual or constructive, (2)

**2.** The marijuana in the "roaches" weighed 1.33 grams.

awareness of the presence and nature of the substance, and (3) the intent to deliver the substance." *State v. Sutherland,* 11 S.W.3d 628, 631 (Mo.App. E.D.1999).

■■■■ Appellant clearly had actual possession of the package. "Actual possession requires that a person 'has the substance on his person or within easy reach and convenient control.'" *White,* 28 S.W.3d at 398 (quoting § *195.010(32)* ). The evidence reflects that Appellant went to Federal Express to retrieve the package that was sent to him, he signed for it, and he carried it to the car. The fact that Appellant had the package on his person and clearly exercised control over it establishes actual possession.[3] *See State v. McKelvey,* 129 S.W.3d 456, 459 (Mo.App. S.D.2004).

■■■■ "However, '[p]ossession without knowledge of such possession is not possession in the legal sense of that word.'" *State v. Johnson,* 81 S.W.3d 212, 215 (Mo. App. S.D.2002) (quoting *State v. Mercado,* 887 S.W.2d 688, 692 (Mo.App. S.D.1994)). Appellant argues that the record does not contain sufficient evidence to establish that he knew that marijuana was present inside the package.

■■■■ While Appellant points out that there is no direct evidence that he knew what was contained in the package, " '[p]roof of a defendant's knowledge of the presence and character of a substance is normally supplied by circumstantial evidence of the acts and conduct of the accused from which it can be fairly inferred he or she knew of the existence of the contraband.'" *State v. McLane,* 136 S.W.3d 170, 173 (Mo.App. S.D.2004) (quot-

ing *State v. Elmore,* 43 S.W.3d 421, 427 (Mo.App. S.D.2001)). Evidence that the defendant had actual possession of a controlled substance, in and of itself, gives rise to an inference that he or she had knowledge of the presence and character of the controlled substance. *State v. Spraggins,* 839 S.W.2d 599, 603–04 (Mo. App. E.D.1992). Thus, "[a] *prima facie* case of knowing possession of a controlled substance is made out by the prosecution showing the defendant's possession of the substance."[4] *State v. Bell,* 719 S.W.2d 763, 765 (Mo. banc 1986). "A defense that defendant was not aware of the controlled substance in his possession merely creates a conflict in the evidence, the resolution of which is for the jury." *Id.* "Thus, the state's uncontradicted evidence showing defendant's possession of a packet containing marijuana constituted substantial evidence from which a jury could rationally have determined that defendant knowingly possessed the marijuana." *Id.*

Moreover, the inference that Appellant was aware that the package contained marijuana is further bolstered by the fact that rolling papers and a small bag of marijuana were found in Appellant's pocket and the fact that Appellant fled from Officer Keltner. *See State v. Dowell,* 25 S.W.3d 594, 603 (Mo.App. W.D.2000) ("[E]vidence of the defendant's contemporaneous possession of other drugs, weapons, money or other drug paraphernalia is relevant and admissible to show that the defendant knowingly and intentionally possessed the controlled substance.") (internal quotations omitted); *State v. Franco–Amador,* 83 S.W.3d 555, 558–59 (Mo.App. W.D.2002) (While "[f]light does not estab-

---

**3.** Appellant does not challenge the sufficiency of the evidence establishing that he exercised dominion and control over the package on appeal.

**4.** "If actual possession is not shown, constructive possession may be proved when other facts buttress an inference of the defendant's knowledge of the presence of a controlled substance." *State v. Bristol,* 98 S.W.3d 107, 111 (Mo.App. W.D.2003).

lish a defendant's guilty knowledge of a particular crime in comparison to other possible charges and is alone insufficient to support a conviction," a "defendant's flight is admissible as tending to demonstrate a consciousness of guilt," and, "[a]long with other evidence of guilt, flight can be considered in support of a conviction.") (internal quotations omitted). In addition, Appellant's decision to pick up the package without providing Federal Express with his address, while not particularly compelling, is consistent with an individual aware that the package contained an illegal substance.

In short, the evidence presented at trial sufficiently supported a finding by the jury that Appellant was aware of the presence and nature of the marijuana contained in the package.

 Appellant next contends that, even if the evidence sufficiently established his knowing possession of the marijuana, the evidence did not support a finding that he intended· to deliver the marijuana to anyone else. Appellant points out that he was not found with any of the evidence usually relied upon to establish intent to deliver like the division of the marijuana into several small packages or possession of plastic bags, scales, or a large amount of cash.

In response, the State contends that the amount of marijuana in Appellant's possession, about 7½ ounces, was, in and of itself, sufficient to support a finding that Appellant had the intent to deliver the marijuana. The State argues that the amount of marijuana, along with testimony from officers offering their opinion that the amount was a sales amount, sufficiently supports Appellant's conviction.

As noted *supra*, in order for Appellant to be convicted of possession with intent to deliver, the State was required to prove beyond a reasonable doubt that Appellant intended to deliver the marijuana contained in the package. *Sutherland*, 11 S.W.3d at 631. The State claims that this burden was sufficiently met by showing that Appellant possessed the 7½ ounces or so of marijuana but fails to cite to any case law actually supporting that assertion.

In its brief, the State relies upon *State v. Gonzalez*, 108 S.W.3d 209 (Mo.App. S.D. 2003), contending that *Gonzalez* held that the sheer quantity of marijuana recovered from the defendant's bedroom in that case, 159 grams or about 5½ ounces, was sufficient to prove the defendant's intent to distribute. The State quotes *Gonzalez* as stating that "[t]he 'sheer quantity of the marijuana' was 'sufficient to sustain the conviction and sentence per [the intent to deliver] element.'" But the State takes this language out of context. The State selectively fails to mention the fact that *Gonzalez* also relied upon the fact that "[s]ome of the marijuana in Defendant's room was individually wrapped as ounces in Ziploc-type bags" and that those bags of marijuana were similar to those found in a car stopped shortly after leaving the apartment where the defendant lived. *Id.* at 210. In fact, the sentence quoted by the State reads, in full, "The sheer quantity of the marijuana in his room *and the baggies used to package a portion thereof* were sufficient to sustain the conviction and sentence per that element." *Id.* at 212–13 (emphasis added).

The State also claims that *United States v. Glenn*, 667 F.2d 1269 (9th Cir.1982), held that the defendant's possession of 185 grams, about 6½ ounces, of marijuana alone was "sufficient to prove intent when fortified by expert testimony that the amount was considerably greater than a person would ordinarily possess for personal use." In so doing, the State wholly misrepresents the holding in *Glenn*, which

offered no opinion as to whether the amount of marijuana and the expert testimony alone would support a finding of intent to deliver. Instead, the court noted that the following evidence, viewed as a whole, was sufficient to support a finding of intent:

> The evidence introduced at trial showed that Glenn possessed approximately 185 grams (between five and six ounces) [5] of marijuana. An expert witness testified that this was considerably more than a person would ordinarily possess for personal use. The marijuana was divided into small packages, as if for sale. Glenn was carrying a 100–gram scale, and a box of plastic sandwich bags suitable for packaging marijuana. In addition, the evidence showed that Glenn had several hundred dollars on his person when he was arrested, although he was unemployed; that he was arrested on payday for Yosemite employees; and that he had written on a Yosemite map several columns of figures which could have been calculations of profit.

*Id.* at 1272. Thus, *Glenn* offered no opinion as to whether the amount of marijuana in the defendant's possession could support a finding of intent to distribute, in and of itself.

The State also attempts to rely upon *State v. Salyer*, 884 S.W.2d 354, 357 (Mo. App. S.D.1994), which noted that "[p]ossession of a large quantity of a controlled substance is probative of intent to distribute." In finding that sufficient evidence supported a finding of intent to distribute, the *Salyer* court relied upon the fact that "[s]ome of the marijuana was packaged in ziplock bags of uniform size, and some in

sacks containing small baggies," noting that "[t]he presence of uniform measured quantities is a circumstance indicating a purpose of distribution." *Id.* at 356, 357. The court further noted that the defendant's possession of several pipes designed for smoking marijuana and several hemostats, frequently used for holding marijuana cigarettes, was probative of the defendant's intent to share the marijuana with others. *Id.* at 357–58. Like *Glenn, Salyer* does not provide support for the State's contention that the possession of approximately 7½ ounces of marijuana, standing alone, is sufficient to support a finding of intent to deliver.

Finally, the State relies upon *State v. Fairow*, 991 S.W.2d 712 (Mo.App. E.D. 1999). In *Fairow*, the court held that the defendant's possession of 402.26 grams, more than 14 ounces, of marijuana in a form not ready for consumption, along with a large amount of cash, supported a finding of intent to distribute. *Id.* at 714, 715. Accordingly, as was the case with the other cases relied upon by the State, *Fairow* did not rest entirely upon the quantity of marijuana that was found in the defendant's possession. Moreover, *Fairow* involved almost twice the amount of marijuana present in the case at bar, and the marijuana recovered in *Fairow* was in a form unsuitable for consumption, a fact specifically relied upon by the court. *Id.* at 715. The record in the case at bar does not indicate whether the marijuana found in Appellant's possession was in a form that could be readily consumed. Thus *Fairow*, too, is readily distinguishable from the case at bar.

---

**5.** The opinion does not indicate whether this evaluation of the amount came from testimony in the record or the court's calculation. However, we note that "[u]nder avoirdupois weight, commonly used in this country, one ounce equals 28.349 grams." *State v. Gleason*, 813 S.W.2d 892, 896 n. 1 (Mo.App. S.D. 1991). Thus, 185 grams would equal 6.53 ounces.

Certainly, at some point, the amount of a controlled substance in a defendant's possession can establish, beyond a reasonable doubt, that the defendant intended to deliver or distribute that substance to others. *See State v. Sanderson,* 169 S.W.3d 158, 163, 164 n. 3 (Mo.App. S.D.2005); *State v. Belton,* 108 S.W.3d 171, 176 (Mo.App. W.D.2003). Conversely, " '[p]roof of possession of a small amount of a controlled substance, standing alone, is an insufficient basis from which an intent to distribute may be inferred.' " *State v. Parrish,* 852 S.W.2d 426, 429 (Mo. App. W.D.1993) (quoting *United States v. Franklin,* 728 F.2d 994, 999 (8th Cir. 1984)); *see also State v. May,* 71 S.W.3d 177, 185 (Mo.App. W.D.2002) (holding that possession of 50.05 grams of marijuana was insufficient by itself to support a finding that the defendant intended to deliver the marijuana).

" '[P]roof of possession with an intent to distribute or sell should not be based solely upon surmise or suspicion. There must be evidentiary facts which will rationally produce in the minds of jurors a certainty, a conviction beyond a reasonable doubt that the defendant did in actual fact intend to distribute or sell the [controlled substance], not that he might have such intent.' " *Jones v. State,* 635 So.2d 884, 888 (Miss.1994) (quoting *Stringfield v. State,* 588 So.2d 438, 440 (Miss.1991)). "Intent to distribute may be inferred solely from the possession of an amount of controlled substance too large to be used by the possessor alone." *United States v. Hunt,* 129 F.3d 739, 742 (5th Cir.1997). "On the other hand, a quantity that is consistent with personal use does not raise such an inference in the absence of other evidence." *Id.; see also May,* 71 S.W.3d at 185. For the quantity alone to sufficiently support a finding, beyond a reasonable doubt, of intent to deliver or distrib-

ute the controlled substance, the amount must be inconsistent with personal use. *Hunt,* 129 F.3d at 742. Thus, the amount of the controlled substance found in the defendant's possession must be sufficiently large that a jury could find beyond a reasonable doubt that the drugs are not for the defendant's personal use and are intended for distribution. *See State v. Williams,* 464 So.2d 822, 823 (La.Ct.App. 1985) ("[M]ere possession of marijuana is not evidence of intent to distribute unless the quantity is so large that no other reasonable inference can be concluded from the mere possession of the quantity.").

With regard to Missouri cases that have relied solely upon the amount of marijuana found in the defendant's possession to support a finding of an intent to deliver, we note that in *State v. Sanderson,* 169 S.W.3d 158, 163, 164 n. 3 (Mo.App. S.D. 2005), the court stated that ten pounds of marijuana found in ten vacuum-sealed bags was a distribution amount and that "if Defendant is found to have constructively possessed the 10 pounds of marijuana found in the trunk, intent to distribute may be inferred from the amount of the drug that was seized." In *State v. Belton,* 108 S.W.3d 171, 176 (Mo.App. W.D.2003), the court held that possession of 820 grams (28.93 ounces, almost 2 pounds) of marijuana in a form unsuitable for consumption supported a finding of intent to distribute.

The amount of marijuana involved in the case at bar is significantly less than the amounts involved in *Sanderson* or *Belton.* Furthermore, as noted *supra,* no evidence was presented indicating that the marijuana found in Appellant's package was unsuitable for consumption or that the marijuana was divided into smaller packages.

Appellant was found in possession of approximately 7½ ounces of marijuana. The State has failed to cite to any case in

which marijuana in a quantity this small was deemed sufficient, based solely upon the quantity present, to infer the defendant's intent to deliver. While there is certainly a point at which a defendant is in possession of so much marijuana that there is no reasonable doubt that he intends to sell or otherwise share the marijuana, that point has not been reached in this case. The fact that Appellant was found in possession of approximately 7½ ounces of marijuana is not sufficient, in and of itself, to establish beyond a reasonable doubt that he intended to deliver the marijuana to others. *See United States v. Meshack*, 225 F.3d 556, 568 (5th Cir.2000) ("[T]he amount of marijuana found, slightly over one pound, can be consistent with personal use and, therefore, does not in and of itself raise an inference of intent to distribute."); *Williams*, 464 So.2d at 824 (holding that possession of two pounds of marijuana, without more, was insufficient to support a finding of intent to distribute); *State v. Williams*, 656 A.2d 975, 978 (R.I. 1995) ("Although one and two-thirds pounds is a substantial amount of marijuana, possession of that amount in and of itself would be insufficient to prove defendant's intent to deliver it to others."). While the State also presented testimony from law enforcement officers stating their opinion that this was a "sales amount", the officers did not testify that this amount was wholly inconsistent with personal use. And the State has not cited, nor have we found, a case where the officer's opinion testimony, without more, added enough to sustain a conviction based on this small a quantity of marijuana. All such cases involved much larger amounts of marijuana. *See United States v. Zuniga–Perez*, 69 Fed.Appx. 906, 2003 WL 21386434 (10th Cir.2003) (2,600 pounds of marijuana plus agents testimony that it was more than a personal use amount held sufficient); *Blissett v. State*, 754 So.2d 1242, 1244–45 (Miss.2000) (40–50 pounds of marijuana plus agents' testimony that it was more than one would keep for personal consumption sufficient); *State v. Heiskell*, 21 Kan.App.2d 105, 896 P.2d 1106, 1111 (1995) (20 pounds of marijuana plus officer's testimony that it was more than a personal consumption amount held sufficient).

■ Because the evidence was insufficient to support Appellant's conviction of possession of a controlled substance with the intent to distribute, that conviction must be reversed. Since the jury found Appellant guilty of possession of a controlled substance with the intent to deliver under § 195.211, it did not reach a decision on the alternate instruction asking the jury to consider whether Appellant was guilty of possession of over 35 grams of marijuana in violation of § 195.202.2. While the evidence was certainly sufficient to support a conviction of possession of over 35 grams of marijuana, because § 195.202 is not a lesser included offense of § 195.211 and because the jury only needed to find Appellant in possession of 5 grams or more of marijuana to support his conviction under § 195.211.3, *May*, 71 S.W.3d at 186, the case must be remanded for a new trial to determine if Appellant is guilty of that offense.

All concur.