STATE of Missouri, Respondent,

v.

Brandon Gerald LAWSON, Appellant.

No. WD 67457.

Missouri Court of Appeals,
Western District.

Sept. 18, 2007.

Nancy A. McKerrow, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

Before HOWARD, C.J., and BRECKENRIDGE and ELLIS, JJ.

VICTOR C. HOWARD, Chief Judge.

Brandon Lawson appeals his conviction of possession of a controlled substance with intent to distribute, section 195.211.[1] Lawson admits to possessing a controlled substance, but argues his conviction was in error because the State put forth no sufficient evidence from which a reasonable jury could have found beyond a reasonable doubt that Lawson had the intent to distribute the controlled substance.

We affirm.

### Background

Lawson was convicted, in a jury trial, of possession with intent to distribute morphine, a controlled substance. The court sentenced Lawson, as a prior and persistent offender, to ten-year imprisonment with the promise of probation after successful completion of a long-term institutional drug treatment program pursuant to section 217.362.[2] Though Lawson admits to possessing morphine, he appeals his conviction arguing there was insufficient evidence put forth at trial from which a jury could have found beyond a reasonable doubt that he had the intent to distribute the morphine. Viewed in light most favorable to the verdict, the following evidence was adduced at trial:

On the evening of February 8, 2006, an anonymous caller alerted the Moberly police department to a suspicious vehicle in the parking lot of a local swimming pool. Moberly police officer Grant Johnson was dispatched to the area and found a parked two-door vehicle alone in the lot. Upon making contact with the occupants, Officer Johnson observed Lawson sitting in the backseat of the vehicle with Lawson's two friends, Lawanna Woods and Heather Brooks, seated in the front seats. Officer Johnson asked Brooks, the owner of the vehicle, to exit the car and interviewed her in his patrol car. During the course of the interview, Officer Johnson believed Brooks was acting evasively, so he asked for her consent to search the vehicle. Brooks gave her consent to the search.

After Officer Johnson obtained consent to search the vehicle, but while he was still questioning Brooks in his patrol car, two backup police officers—Officer Michael Barrett and Corporal Shane Newbrough—arrived on the scene. While Officer Johnson was interviewing Brooks, Officer Barrett moved into a position where he could observe the remaining two occupants of the vehicle. Upon observing excessive movement in the rear of the vehicle, Officer Barrett asked Lawson to exit the vehicle. Officer Barrett then held Lawson, Brooks, and Woods in an area away from the vehicle while Officer Johnson and Corporal Newbrough performed a search of the vehicle.

When Officer Johnson and Corporal Newbrough searched the car, they noticed what appeared to be loose cigar tobacco outside the vehicle, which Corporal Newbrough described as being consistent with someone removing the tobacco from a cigar and replacing it with marijuana in order to make a "blunt." The officers also found a "little bit" of marijuana along the floorboard next to the passenger-side seat. In the rear of the car, the officers found one whole morphine tablet and three half

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. RSMo Supp.2003.

tablets of morphine on the rear floorboard where Lawson had been sitting as well as an aluminum "Altoids" tin in the seat where Lawson had been. Lawson was then arrested and a female officer was called in to conduct a search of Woods and Brooks. Although the search of Woods and Brooks turned up nothing, Brooks later testified at trial that, at the time, she had a "blunt" hidden on her person that the officers did not find. At that point, the officers informed Woods and Brooks they were free to go and transported Lawson to the police department for booking.

At the police department, Officer Johnson conducted a more thorough search of Lawson's person and found additional morphine tablets in one of Lawson's shoes. Officer Johnson also found on Lawson's person two tablets of a different substance, which was identified at trial as a non-controlled prescription analgesic. It is unclear from the record where on Lawson the two tablets of the non-controlled substance were found and whether they were among the tablets found in Lawson's shoe. At trial, Officer Johnson testified that he found thirteen whole tablets and several half tablets in Lawson's shoe. It is unclear, however, whether that amount included the two tablets of the non-controlled substance, or whether the thirteen tablets and several half tablets in Lawson's shoe were all morphine. In any case, the officers found, in addition to the one morphine tablet and three half tablets on the vehicle floorboard, between eleven and thirteen morphine tablets and several half tablets of morphine on Lawson's person.

Lawson was charged pursuant to section 195.211 with possession of a controlled substance with intent to distribute. At trial, Corporal Newbrough, an experienced narcotics officer, testified that someone who was abusing prescription drugs in tablet form would typically buy one to five tablets at a time and that "people who sold pills would typically have higher quantities on them." When asked about the significance of morphine tablets being cut in half, Corporal Newbrough testified: "if somebody is using a tableted morphine and maybe it's a little bit too strong for them, then maybe they'd cut them in half. They're either doing that, or they're selling them in halves; one of the two. In my opinion."

Lawson's motions for judgment of acquittal at the close of the State's evidence and at the close of his evidence were denied and the jury found him guilty of possession with intent to distribute morphine. On appeal, Lawson argues the trial court erred in denying his motion for judgment of acquittal at the close of all evidence, in accepting the jury's verdict, and in sentencing him, because the State put forth no evidence from which a reasonable juror could have found beyond a reasonable doubt that Lawson intended to distribute the morphine in his possession.

### Standard of Review

A challenge to the sufficiency of the evidence supporting a criminal conviction is rooted in the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307, 313–17, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). No person may be deprived of liberty, "except upon evidence that is sufficient fairly to support a conclusion that every element of the crime has been established beyond a reasonable doubt." *Id.* at 313–14, 99 S.Ct. 2781.

In reviewing a challenge to the sufficiency of the evidence, this court is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc

1993). In making this determination, the appellate court does not weigh the evidence or judge the credibility of witnesses. *State v. O'Brien,* 857 S.W.2d 212, 215–16 (Mo. banc 1993). Instead, on review, this court accepts as true all of the evidence favorable to the State, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *Grim,* 854 S.W.2d at 405. The appellate court, however, "may 'not supply missing evidence, or give the [State] the benefit of unreasonable, speculative or forced inferences.'" *State. v. Whalen,* 49 S.W.3d 181, 184 (Mo. banc 2001) (quoting *Bauby v. Lake,* 995 S.W.2d 10, 13 n. 1 (Mo.App. E.D.1999)).

## Discussion

■ To convict Lawson of possession with intent to distribute, the State was required to show that Lawson (1) consciously and intentionally possessed a controlled substance, either actually or constructively; (2) was aware of the presence and nature of the substance; and (3) intended to distribute the substance. *See State v. Sanderson,* 169 S.W.3d 158, 164 (Mo.App. S.D.2005). The sole issue on appeal is whether there was sufficient evidence put forth at trial from which a reasonable juror could have found beyond a reasonable doubt that Lawson intended to distribute the morphine he possessed.[3]

This case differs from other decisions reviewing the sufficiency of the evidence in convictions for possession of a controlled substance with intent to distribute, because most of those cases focus primarily on circumstances tending to suggest drug-dealing activity.[4] In fact, Lawson points to the absence of evidence suggesting he was dealing in drugs to support his contention that his conviction lacked sufficient evidence. However, for sufficient evidence to exist in this case, the State was not required to show Lawson was dealing in drugs. Instead, the State had to present evidence showing Lawson had the intent merely to give or otherwise transfer the morphine to someone else. *See State v. Salyer,* 884 S.W.2d 354, 357 (Mo.App. S.D. 1994) ("The offense does not require a finding of intent to sell, or to engage in commerce in [the controlled substance]. All that need be shown is a purpose of sharing the cache with at least one other person."). Here, it is apparent that the prosecution's theory of the case at trial was that Lawson had the intent to distribute the morphine in his possession to Woods and Brooks.[5]

The State and Lawson disagree about whether the quantity of morphine tablets Lawson possessed supports a reasonable inference from which a juror could find beyond a reasonable doubt that Lawson intended to distribute the morphine. Many of the arguments made by both

---

3. Morphine is a Schedule II controlled substance pursuant to section 195.017.4(1)(a)m.

4. *See State v. Fairow,* 991 S.W.2d 712 (Mo. App. E.D.1999) (holding possession of substantial amount of cash and a large quantity of marijuana in form commonly used for sale constituted sufficient evidence of intent to distribute); *State v. Salyer,* 884 S.W.2d 354 (Mo. App. S.D.1994) (holding possession of large quantity of marijuana in uniform measured quantities along with the presence of drug paraphernalia and baggies of different sizes constituted sufficient evidence of intent to dis-

tribute); *State v. Cortez–Figueroa,* 855 S.W.2d 431 (Mo.App. W.D.1993) (holding possession of cocaine worth $16,000—$20,000, baking soda, baggies, a microgram scale, and a notebook with phone numbers, customers, sale amounts, and costs constituted sufficient evidence of intent to distribute).

5. In closing argument, for example, the prosecutor stated, "[H]e is simply guilty of possessing the drugs, and his purpose was to share them with his friends that particular night."

Lawson and the State in this regard center around this court's decision in *State v. McCleod*, 186 S.W.3d 439 (Mo.App. W.D. 2006).

In *McCleod*, the court overturned a conviction for possession of 7.5 ounces of marijuana with intent to distribute holding there was insufficient evidence to establish such intent. The *McCleod* court found that, standing alone, the quantity of marijuana possessed by the Appellant was not large enough to support a reasonable inference that the Appellant had the intent to distribute the marijuana.[6] *Id.* at 448. The court reached this result in spite of testimony from law enforcement officers that 7.5 ounces of marijuana was a "sales amount." *Id.* The court reasoned that such testimony failed to support a reasonable inference that the Appellant had the intent to distribute the marijuana because "the officers did not testify that this amount was wholly inconsistent with personal use. And the State has not cited, nor have we found, a case where the officer's opinion testimony, without more, added enough to sustain a conviction based on this small a quantity of marijuana." *Id.*

Lawson urges us to overturn his conviction since the State did not present evidence that the quantity of morphine he possessed was wholly inconsistent with personal use. Lawson's reading of *McCleod* is overly broad and incorrect.

■ In determining whether there is sufficient evidence supporting a conviction for possession of a controlled substance with intent to distribute, it is the reviewing court's role to determine whether the quantity possessed, along with all other circumstances and evidence, supports a reasonable inference from which a jury could find that the defendant had the in-

tent to distribute the substance. *See Salyer*, 884 S.W.2d at 358 ("The circumstances supportive of the judgment ... have collective force, and should not be viewed in isolation."). In *McCleod*, the *only* evidence relied upon by the State to establish intent to distribute was the 7.5 ounces of marijuana possessed by the defendant, along with testimony from officers offering their opinion that the amount was a sales amount. *McCleod*, 186 S.W.3d at 445. This Court held that such evidence was not, in and of itself, sufficient to support the conviction, noting, "*[f]or the quantity alone* to sufficiently support a finding, beyond a reasonable doubt, of intent to deliver or distribute the controlled substance, the amount must be inconsistent with personal use." *Id.* at 447 (emphasis added). In the case at bar, the quantity of morphine possessed by Lawson was not the only evidence establishing intent to distribute, and *McCleod* is, therefore, clearly distinguishable.

We must simply determine whether the quantity of morphine at issue, along with all the other evidence and testimony, supports a reasonable inference from which the jury could find Lawson intended to distribute the morphine in his possession. Here, Lawson was found in possession of eleven to thirteen morphine tablets and several half tablets of morphine, and the jury heard testimony that a person abusing prescription drugs in tablet form would typically possess between one and five tablets. There is no need for this court to decide whether possession of this quantity of morphine, under any and all circumstances, constitutes sufficient evidence supporting a reasonable inference of intent to distribute. In the context of this case, the quantity of morphine Lawson pos-

**6.** The *McCleod* court reasoned "[w]hile there is certainly a point at which a defendant is in possession of so much marijuana that there is no reasonable doubt that he intends to sell or

otherwise share the marijuana, that point has not been reached in this case." 186 S.W.3d at 448.

sessed, viewed along with the circumstances surrounding Lawson's arrest and all the evidence adduced at trial, supports a reasonable inference that Lawson intended to distribute the morphine in his possession.

First, it is significant that Lawson was carrying around this quantity of morphine tablets while he was associating with known drug users. Brooks testified that she picked up Woods and Lawson one at a time between 3:00 and 4:00 p.m. and that the trio "rode around for a little bit" before going to the secluded parking lot in order to smoke marijuana. The fact that Lawson brought with him a quantity of morphine, which was greater than the amount a typical user would possess, is certainly probative of Lawson's intent to distribute the morphine to Woods and Brooks that evening. A jury could reasonably infer Lawson's actions in this regard evidenced an intent to distribute the morphine to Woods and Brooks.

Second, as the State pointed out in closing argument,[7] the fact that one whole morphine tablet and several half tablets of morphine were found out in the car while the others were hidden on Lawson's person is also probative of Lawson's intent to distribute the morphine. If, as Corporal Newbrough testified, morphine is cut into halves because a whole pill is too strong for one person's use, then the amount of morphine found on the floorboard suggests an intent to share with the other occupants of the vehicle. A jury could reasonably conclude that this amount of morphine was out in the vehicle and separated from the rest of Lawson's cache because he was planning to share the morphine with Woods and Brooks.

Finally, Lawson's possession of numerous half tablets of morphine, both in his shoe and on the vehicle floorboard, is also probative of Lawson's intent to distribute the morphine that evening.[8] Corporal Newbrough testified that morphine tablets are cut into halves because a whole tablet is too strong for one person to use or for the purpose of selling them in halves. Taking this testimony into account and viewing the evidence in the light most favorable to the verdict, Lawson possessed more than enough tablets, in a ready-to-use form, than he would need that night for his own personal consumption. It is not, therefore, unreasonable for the jury to infer that Lawson actually intended to share some of those half tablets of morphine with Woods and Brooks.

Looking at the evidence collectively and giving the verdict the benefit of all reasonable inferences, there was sufficient evidence presented at trial to support Lawson's conviction for possession of morphine with intent to distribute.

### Conclusion

The State presented sufficient evidence at trial from which a reasonable juror could have found beyond a reasonable doubt that Lawson had the intent to distribute the morphine he possessed.

Conviction affirmed.

BRECKENRIDGE and ELLIS, JJ., concur.

---

7. In closing argument, the prosecutor stated "[a]nd if he was not distributing it, how did he get a few pills down on the passenger floorboard?"

8. The prosecutor also referenced this in closing argument by saying "[w]hy did he have it already prepared, with several of them broken into halves, if not because maybe they [Woods and Brooks] wanted to try it out...."