

# In the
# Missouri Court of Appeals
## Western District

STATE OF MISSOURI,

          **Respondent,**

v.

BOBBY WRIGHT,

          **Appellant.**

WD76163

OPINION FILED:

SEPTEMBER 16, 2014

**Appeal from the Circuit Court of Saline County, Missouri
The Honorable Hugh Craig Harvey, Judge**

**Before Division Two: Victor C. Howard P.J., James E. Welsh, Anthony Rex Gabbert JJ.**

Bobby Wright appeals the circuit court's judgment finding him guilty of possessing more than five grams of marijuana with intent to deliver. Wright raises two points on appeal. Wright argues that the circuit court erred in overruling his motions for acquittal and entering a judgment of conviction on the possession of a controlled substance with intent to deliver because there was insufficient evidence to support the finding that he had (1) access and control over the premises where the marijuana was found and (2) constructive possession of the marijuana. We reverse and remand for entry of a judgment of acquittal.[1]

---

[1] "The double jeopardy clause precludes remand for a second trial when a conviction is reversed because the evidence introduced at the first trial was legally insufficient." *State v. Self*, 155 S.W.3d 756, 764 (Mo. banc 2005) (citing *Burks v. U.S.*, 437 U.S. 1, 18 (1978)).

## Factual Background

On March 18, 2011, law enforcement officers conducted a controlled buy at the residence on 917 West Third Street, Apartment A, in Sedalia, Missouri (the "Apartment"). Detective David Smith searched a confidential informant and gave him $20. Detective Smith dropped off the confidential informant about one-and-a-half blocks from the residence and saw the confidential informant speak to Wright on the front porch. Wright and the confidential informant went inside and stayed there for about three minutes. Then both Wright and the confidential informant came outside. The confidential informant walked away and met with Detective Smith at another location where the confidential informant gave Detective Smith four small baggies of marijuana.

The following week, the police saw Wright at the Apartment numerous times. Wright's van was usually parked in an alley behind the Apartment.

Detective Smith and Detective Ryan Reed conducted surveillance of the Apartment for two to three hours on March 28, 2011. The detectives observed Wright on the porch and different people pulling up in cars. When somebody pulled up, an unidentified man associated with Wright approached the people in the car, and then spoke to Wright. Next, the man and Wright went inside the Apartment. Wright and the man came back in less than one minute, and the man approached the vehicle where he exchanged something with the people in the car. The detectives saw one woman leave her car, walk to Wright, and speak with him personally. The woman was patting her pocket while speaking to Wright. The woman and Wright walked inside, and came back out within a minute or two. The woman went to her car. Wright's van was parked in an alley behind the Apartment during the surveillance.

2

Detective Smith obtained a search warrant later that day, and gathered a team to execute the warrant. Detective Reed continued with the surveillance of the Apartment until the execution of the search warrant. The unidentified man left, but the detective did not see Wright leave.

During the execution of the search warrant, they found two women in the Apartment but not Wright. One of the women in the Apartment was Wright's daughter Ashley, who was arrested. The police found more than one hundred grams of marijuana throughout the house including in the living room couch, under suspended ceiling tiles in the computer room, and inside a computer printer. Officers also found multiple individual bags for packaging marijuana.

The police asked family members to tell Wright to call the police. Wright called Detective Smith. The detective asked Wright to come to the police station to talk, but Wright said that he had no intention to turn himself in. No charges were filed against Wright at that time.

On November 30, 2011, Officer Kevin Klein stopped Wright for a traffic violation. Wright consented to a search of the van. Officers found an open bottle of vodka and multiple baggies of marijuana in a hidden roof compartment. Wright said that the marijuana was not even an ounce and asked Officer Klein to cut him a deal. Wright further told the officer that he had not sold marijuana for a couple of months.

Wright was arrested and taken to the police department. Wright told Detective Smith that he had not sold marijuana for more than a month. Wright talked about the difficulties of obtaining marijuana, and said that he got marijuana from Fish, whom the detective knew was Romone Fisher. Fisher had been arrested for marijuana possession.

Wright was charged with two counts of possession of marijuana. One count of possession of more than five grams of marijuana on November 30, 2011 and the second count of

3

possession of marijuana with intent to deliver more than five grams on March 28, 2011. At the close of all the evidence, the jury found Wright guilty of possession of more than five grams with intent to deliver for the events on March 28, 2011, and acquitted him of the charge of possession of marijuana related to the vehicular search on November 30, 2011. The court sentenced Wright to five years imprisonment. Wright appeals.

## Insufficiency of Evidence

As we find Wright's second point is dispositive, we need not address his first point. In his second point on appeal, Wright argues that the circuit court erred in overruling his motion for acquittal because the evidence was insufficient to support the conviction. Wright contends that the evidence did not show that Wright had knowledge of the presence of marijuana on the premises and that he exercised control over it. We agree.

On review, this Court accepts as true all evidence favorable to the verdict, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). "In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *Id.* This Court, however, "'may not supply missing evidence, or give the [State] the benefit of unreasonable, speculative or forced inferences.'" *State v. Loyd*, 326 S.W.3d 908, 915 (Mo. App. 2010) (quoting *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. banc 2001)).

Wright was charged with and convicted of possession with the intent to deliver more than five grams of marijuana. As such, the State had the burden to prove that Wright had (1) conscious and intentional possession of the marijuana, either actual or constructive, (2)

4

awareness of the presence and nature of the marijuana, and (3) the intent to deliver the substance. *State v. McCleod*, 186 S.W.3d 439, 443-44 (Mo. App. 2006). *See also* § 195.211, RSMo 2000.[2]

The only dispute on appeal is that there was insufficient evidence on the record to support the finding that Wright had "conscious and intentional possession of the marijuana, either actual or constructive." *Id.* "A person has actual possession if he has the substance on his person or within easy reach and convenient control." § 195.010(32). A person has constructive possession where that person "has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons." *Id.*

As Wright was not at the Apartment when it was searched on March 28, 2011, the State failed to prove actual possession. Thus, the State must prove Wright had constructive possession over the marijuana. Such analysis requires looking to see what access and control Wright had over the Apartment where the marijuana was found. *See State v. Purlee*, 839 S.W.2d 584, 588 (Mo. banc 1992) (stating "proof of constructive possession requires, at a minimum, evidence that defendant had access to and control over the premises where the substance was found.").

> [E]xclusive control of the premises is enough to raise inference of possession and control of the substance. Joint control of the premises, however, requires some further evidence or admission connecting the accused with the illegal drugs. It follows that merely being a guest [or occasional visitor] in the premises of another where drugs are found is not sufficient to sustain a conviction for possession of controlled substances.

*Id.* (internal citations omitted).

Here, Wright did not have exclusive control of the premises. The evidence was that Wright did not reside in the Apartment but that Wright was seen at the residence on multiple occasions in the ten days leading up to the search. Therefore, the evidence suggests that Wright

___

[2] All statutory references are to the Missouri Revised Statutes 2000 updated through the 2013 cumulative supplement, unless otherwise noted.

was an occasional visitor to the Apartment.  As a result, the "State must present some incriminating circumstances that implies that the accused knew of the presence of the drugs and that the same were under his control."  *Id.*  "The totality of the circumstances is considered in determining whether sufficient additional incriminating circumstances have been proven."  *State v. Foulks*, 72 S.W.3d 322, 325 (Mo. App. 2002).

"Courts employ a wide variety of incriminating factors to satisfy judicial scrutiny and support a finding of constructive possession."  *State v. Guinn*, 242 S.W.3d 479, 483 (Mo. App. 2008).  Such incriminating factors include: "routine access to an area where such substances are kept, the presence of quantities of the substance at the scene where appellant is arrested, admissions of the accused, [and] being in close proximity to drugs or drug paraphernalia in plain view of the police."  *Id.* (internal citations and quotations omitted).

Here, the evidence fails to support that the State presented incriminating factors to support the finding that Wright had constructive possession of the marijuana.  First, Wright was not present at the Apartment when police executed the search warrant and found more than one hundred grams of marijuana.  Second, the only marijuana found in plain view was in a small loose bag by the couch, which contained less than five grams of marijuana.  All of the other marijuana was hidden throughout the Apartment.  Third, while Wright did interact with the confidential informant during the controlled buy, Wright's involvement and control of the marijuana during the transaction is unclear as the confidential informant did not testify.  Lastly, Wright's admission to selling marijuana was vague.  Roughly eight months after the search warrant was executed, Wright was arrested following a traffic stop after police found marijuana in his car.  Wright told police that he hadn't sold marijuana in more than a month because it was hard to get.  In

6

Wright's admission, he failed to admit to selling marijuana on March 28, 2011—the date in which the police executed the search warrant and found more than one hundred grams of marijuana in the Apartment.

Moreover, the possession count that is the basis of Wright's appeal dealt only with the events that took place on March 28, 2011—which would not include the controlled buy that took place on March 18, 2011. While there is sufficient evidence on the record to support a finding that Wright possessed with an intent to deliver <u>not</u> more than five grams of marijuana stemming from each of the alleged sales that took place on March 18th and March 28th, Wright was not charged with this lesser possession charge.[3] Instead, Wright was charged with possession with an intent to deliver more than five grams of marijuana on March 28th. For this Court to find that there is sufficient evidence to infer that Wright had constructive possession of the marijuana found pursuant to the search warrant executed on March 28, 2011, would require this Court to "supply missing evidence, or give the [State] the benefit of unreasonable, speculative or forced inferences." *Loyd*, 326 S.W.3d at 915. As we cannot make such an unreasonable inference, point one is granted.

We conclude, therefore, that the circuit court erred in overruling Wright's motion for acquittal as there was insufficient evidence to support the finding that Wright had conscious and intentional actual or constructive possession of the marijuana. Not only was Wright not present when the search warrant was executed and the marijuana was found, the State failed to provide any incriminating factors to prove that Wright had

---

[3] Under § 195.211, distributing or delivering <u>not</u> more than five grams of marijuana is a class C felony. Possession with the intent to deliver more than five grams of marijuana is a class B felony.

7

knowledge and control over the marijuana found in the Apartment.  We reverse Wright's

conviction and remand for entry of a judgment of acquittal.



_____

Anthony Rex Gabbert, Judge


All concur.